UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30233
Summary Calendar
_____

GARY GRATIA, ET AL,

                                                  Plaintiffs,

GARY GRATIA,

                                                  Plaintiff-Appellant,

                              versus

ANTHONY GIUSTI, ET AL,

                                                  Defendants,

ANTHONY GIUSTI; GEORGE BARILLEAU, Individually and as Supervisory
Employee of the Parish of Jefferson; JEFFERSON PARISH, Department
of Safety and Permits, NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PENNSYLVANIA,

                                                  Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
Civil Docket #98-CV-922-B
_____
November 22, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellant Gratia, a former equipment inspector for Jefferson Parish, appeals the district court's summary judgment on his claims under Louisiana law and § 1983. He was terminated allegedly in retaliation for his whistleblowing against another equipment inspector for falsifying reimbursement reports. The district court held that, as a matter of law,

(a) there was no causal connection between Gratia's termination and his whistleblowing;

(b) Giusti, the appellee supervisor who initially fired Gratia, would have done so anyway because Gratia conducted personal business while on duty for Jefferson Parish and insubordinately refused to submit his vehicle for an odometer inspection;

(c) Giusti is entitled to qualified immunity because his actions were objectively reasonable and Gratia would have been terminated regardless of any alleged retaliation for whistleblowing;

(d) Gratia's pre- and post-termination hearings satisfied constitutional due process;

(e) neither federal law nor Louisiana law (La. R.S. § 42:1169); affords compensation for certain elements of Gratia's claims; and

(f) Gratia has no claim under La. R.S. § 23:967, as that statute was passed after his termination and is not prospectively applicable.

2

On appeal, Gratia challenges each of these rulings, as well as the dismissal of Jefferson Parish and George Barilleau from the suit.

We have carefully reviewed the briefs and pertinent portions of the record in light of applicable Supreme Court and Fifth Circuit caselaw. Having done so, we find no error in grounds (a), (b), (d) and (f) of the district court's opinion, nor an abuse of discretion in his dismissal of the other defendants. Gratia's termination was upheld under adequate civil service procedures, thus furnishing an alternative, non-tainted basis to any alleged retaliation for whistleblowing. The judgment of the district court is therefore AFFIRMED.